JERRY E. SMITH, Circuit Judge,
dissenting from the denial of panel rehearing:
I respectfully dissent from the denial of rehearing. Although I appreciate the ma *124 jority’s well-meaning effort to address portions of its initial opinion, Hearn v. Dretke (In re Hearn), 376 F.3d 447 (5th Cir.2004), the majority’s clarifications, which are generally helpful, do not cure the fundamental deficiencies on which I focused in dissent, id. at 459-71 (Smith, J., dissenting).
Fortunately, in its order on rehearing, the majority states that “[t]his is a fact-bound case” and that “[t]he facts of this case do not presently demonstrate that Hearn ‘is in fact mentally retarded.’ ” Unfortunately, however, the majority still clings to its notion that “Hearn has made a colorable showing of entitlement to ... counsel.”
The majority seems now to recognize that once newly-appointed counsel has presented his or her case for Hearn on remand, the district court will surely find that Hearn meets none of the standards for retardation and will deny relief. As Judge Higginbotham observed, “If there is nothing there, as the dissent seems to know, the district court will so conclude.” Id. at 459 (Higginbotham, J., concurring).
The majority’s clarification somewhat explains the majority’s assertion that this petitioner, having shown no substantial facts in support of retardation, is nonetheless entitled to counsel. The majority’s position on retardation remains in error, but at least there is a way of understanding how the majority can attempt to justify appointing counsel in a case such as this, where the attempted showing of retardation is meritless if not downright disingenuous.
I respectfully dissent.